Jasper Spencer v. The State.

No. 3338.     Decided February 21, 1906.

Gaming—Private Residence—Common Resort—Insufficiency of Evidence.

Upon a trial for gaming at a place commonly resorted to for that purpose, where the evidence showed that the playing of the cards took place in a tent which was occupied by defendant and his family as a private resiednce, and it was not shown that the tent was commonly resorted to for the purpose of gaming, there being but one game played, a conviction was not authorized.

Appeal from the County Court of Knox. Tried below before Hon. W. M. Moore.

Appeal from a conviction of gaming; penalty, a fine of $10.

The opinion states the case.

*Charles E. Coombes,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—This conviction is for gaming, the fine being fixed at $10. The facts shown by the main prosecuting witness are, as follows: "On February 22, 1905, I saw defendant and another person, whom I have since learned was Oscar Tynes, playing at a game of cards in a tent in the town of Knox City, Knox County. They had money upon the table. One of them had a dollar, and the other had several pieces of small change. The tent in which defendant and Tynes were playing, was a private residence, occupied by defendant

and his family. It was a tent with a wooden frame, covered over with duck. Defendant and his wife were living in this tent, and had been living there since last fall." The indictment contains two counts. The first count alleges the playing to be at a private residence, and the second that the game was played in a tent, the same being commonly resorted to for the purpose of gaming. The court submitted both counts to the jury. The evidence shows that the tent in question was the private residence of appellant and occupied by himself and family at the time the game was played. Hipp v. State, 8 Texas Ct. Rep., 111. Being his private residence, the evidence is inadequate to support the conviction, because there is only testimony of the one playing, and there is a total lack of evidence that the tent was commonly resorted to for the purpose of gaming. This being true, the evidence is not sufficient. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*